UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN A. SIMONS,

    Plaintiff,

v.                                                                      Case No. 1:18-cv-854
                                                                      Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for supplement security income (SSI).

Plaintiff alleged a disability onset date of February 1, 2013, which he later amended to March 26, 2015. PageID.36, 351. He identified his disabling conditions as left ankle condition, frostbite on both hands, pelvis pain, shoulder pain, low back pain, curvature of the spine, and hypertension. PageID.355. Prior to applying for SSI, plaintiff earned a GED and had past work as a brickyard laborer and foundry worker. PageID.43, 357. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on October 20, 2017. PageID.34-46. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his amended alleged onset date of March 26, 2015. PageID.36. At the second step, the ALJ found that plaintiff had severe impairments of: occluded aorta and bilateral iliac arteries status post aortobifemoral bypass and graft; hypertension; tachycardia; degenerative disc disease (DDD) with sciatica; tobacco dependence; right side hearing loss status post lympanoplasty; status post bilateral fingers/toes frostbite; alcohol dependence; cannabis abuse; degenerative joint disease (DJD) sacroiliac joints; cognitive disorder; and depression. PageID.36. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.38.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967 (b) except that he needs a sit/stand option at will but not off task more than 10% of the workday. The claimant can frequently finger/feel. He can occasionally climb ramps or stair [sic], overhead reach and balance. The claimant is unable to climb ladders, ropes or scaffolds. He cannot work around unprotected heights or moving machinery. The claimant can have no exposure to extreme cold. He is limited to occupations that do not require fine hearing or frequent telephone communication. Work is limited to simple routine repetitive tasks.

PageID.41. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.43.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.44-45. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light exertional level work in the national economy such as stock clerk (60,000 jobs), shipping clerk

4

(70,000 jobs), and cashier (200,000 jobs). PageID.44. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since March 26, 2015 (the amended alleged onset date) through October 20, 2017 (the date of the decision). PageID.45-46.

### III. DISCUSSION

Plaintiff raises one issue on appeal:

**Whether the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not entitled receive Supplemental Social Security Income benefits ("SSI") is supported by substantial evidence.**

Plaintiff's generic Statement of Errors does not comply with the Court's order, *i.e.*, that the initial brief "must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand to be adequate." Notice (ECF No. 8, PageID.867). However, plaintiff points out two errors in § IV (Issues for Review). Plaintiff's Brief (ECF No. 12, PageID.886). The Court will address those two issues.

### A. The ALJ did not address the directives in the Appeals Council remand order.

Plaintiff points out that the case was remanded pursuant to an order of the Appeals Council on April 6, 2017, "with specific directives that Plaintiff's vascular issues be evaluated, to update the medical record and 'complete the administrative record' by scheduling a consultative examination." Plaintiff's Brief at PageID.887, citing PageID.174-175. When the Appeals Council issues a remand order to an ALJ, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). Contrary to plaintiff's contention, the Appeals Council did not direct the ALJ to schedule a consultative examination. Rather, the Appeals Council

directed the ALJ to "Update the medical record regarding the claimant's cardiac condition in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913)." PageID.175-176. Accordingly, plaintiff's claim of error is denied.

B. **The ALJ erred in finding plaintiff could perform sedentary [sic] work.**

Plaintiff's second claim of error is not entirely clear. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform a limited range of light work. PageID.41. However, plaintiff contends that the RFC is actually one for sedentary work, "limiting [p]laintiff to 2 hours of standing and/or walking . . . especially in lieu of the testimony that the weight requirement can be less than 20 pounds." Plaintiff's Brief at PageID.891. Because plaintiff can perform only sedentary work, he must be found disabled under the medical vocational guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.14.[1] In summary, plaintiff appears to claim that: (1) the vocational expert's (VE's) definition of light work was flawed; (2) the ALJ's RFC actually defined sedentary jobs; (3) the jobs identified by the VE were actually sedentary jobs; and, (4) because the ALJ and VE were really discussing sedentary work instead of light work, plaintiff should have been found disabled under the grids applicable to sedentary work.

Plaintiff's claim is without merit. The ALJ found that plaintiff had the RFC to perform light work, which is defined as follows:

> (b) Light work. Light work involves <u>lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing,</u> or when it involves sitting most of the time with some

---

[1] The grids "take account only of a claimant's 'exertional' impairment, that is 'an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]' 20 C.F.R., Part 404, Subpt. P, App. 2 § 200.00(e)." *Abbott*, 905 F.2d at 926. An ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines. *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 922 (6th Cir. 1987). *See Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir. 1988) ("the grids are a shortcut that eliminate the need for calling in vocational experts").

6

pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967 (emphasis added).

The ALJ also found that plaintiff had additional impairments which precluded him from performing the full range of light work as defined in the regulation. The ALJ reduced the type of light work that plaintiff could perform by limiting him to: a sit/stand option; only frequently fingering and feeling; only occasional climbing of ramps or stairs; occasional overhead reaching and balance; no climbing ladders, ropes or scaffolds; no work around unprotected heights or moving machinery; no exposure to extreme cold; occupations that do not require fine hearing or frequent telephone communication; and simple routine repetitive tasks. PageID.41.

In response to the two hypothetical questions which developed the RFC (PageID.41, 135-136), the VE identified three groups of light, unskilled occupations which a hypothetical person with plaintiff's RFC could perform: stock clerk (60,000 jobs), shipping clerk (20,000 jobs), and cashier (200,000 jobs) (PageID.135-136). Ultimately, the ALJ adopted this testimony to find that plaintiff was not disabled because he could perform other work at Step 5 of the sequential evaluation. PageID.44-45.[2]

After this testimony, the ALJ and plaintiff's counsel's addressed questions regarding the hypothetical use of a cane, which was not part of RFC. PageID.136-138. Counsel then asked the VE questions related to what constituted "light work", *e.g.*, "What would be the

---

[2] While the VE identified 20,000 jobs as a shipping clerk, the ALJ's decision incorrectly stated that the hypothetical person could perform 70,000 jobs as a shipping clerk. *See* PageID.41, 44, 135-136. Plaintiff did not raise this error. However, even if he had, this error would not be grounds for a remand because the ALJ found that plaintiff could perform 260,000 other jobs in the national economy as a stock clerk and cashier. PageID.44. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).

7

lifting for hypothet [sic] two and one what would be the lifting [sic]?" PageID.138. The VE responded that "light jobs are classified as light because of either lifting up to 20 pounds or spending the majority of time on their feet." PageID.138. After a course of questioning, the VE also defined light work as "lifting up to 20 pounds" or "standing more than two hours." PageID.139-140.

Contrary to plaintiff's contention, the jobs identified by the VE met the definition of light work because those jobs included either lifting up to 20 pounds or a "good deal" of standing. *See* 20 C.F.R. § 416.967(b). In this regard, the VE explained that these jobs, "are in office environments so it would be varied, I've reduced the numbers significantly in order to try to limit to only jobs that would allow some sitting, some standing varied duties [sic], sometimes speaking to people." PageID.138. Upon further questioning, the VE stated that these identified jobs were light work because they involved lifting up to 20 pounds or standing up to two hours in a workday. PageID.138-140. For these reasons, neither the ALJ nor the VE erred, and the ALJ's decision is supported by substantial evidence.

Finally, even if the ALJ had found that plaintiff could perform only sedentary work, the grids would not apply due to the number of non-exertional limitations. "The SSA may not rely on the grids alone to meet its step-five burden where the evidence shows that a claimant has nonexertional impairments that preclude the performance of a full range of work at a given level." *Jordan v. Commissioner of Social Security*, 548 F.3d 417, 424 (6th Cir. 2008).

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: September 30, 2019 /s/ Ray Kent
United States Magistrate Judge